IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

         Plaintiff,

vs.

                                          No. 71-CR-24530 MV

CHARLIE HILL,

         Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Charlie Hill's Motion to Bar Extradition under the Political Offenses Exception [Docs. 13, 14]. The Court, having considered the Motion, briefs, relevant law, and being otherwise fully informed, finds that the Motion is not well-taken and therefore will be **DENIED.**

### FACTUAL AND PROCEDURAL BACKGROUND

Approximately 47 years ago, Mr. Hill allegedly participated in a series of crimes that ultimately culminated in the hijacking of a commercial airliner that was redirected to Cuba. *See* Doc. 7 at 1–2. Mr. Hill was charged in two separate indictments for this conduct, but the prosecutions have been unable to proceed because Mr. Hill has remained in Cuba since 1971. *Id.* at 2. This case sat in an unexamined purgatory until December 18, 2014, when the Governor of New Mexico, Susana Martinez, directed a public letter ("the Martinez Letter") to the United States Secretary of State and United States Attorney General in which she requested "assistance to bring Patrolman Rosenbloom's surviving killer to justice." Doc. 4-1. On March 10, 2015, Hill moved this Court to dismiss the indictments, arguing that the Martinez Letter has irreparably tainted any

potential prosecution against him. *See generally* Doc. 4. In a Memorandum Opinion and Order entered on April 22, 2015, this Court found that, under the fugitive disentitlement doctrine, Mr. Hill would "not be permitted to litigate in a forum while beyond the reach of the Court's judgments" and thus refused "to reach the merits of Hill's Motion." Doc. 10 at 2–3.

On May 20, 2016, Mr. Hill filed the instant motion to bar his extradition under the Political Offenses Exception, in disregard of the Court's Order that it could not reach the merits of any of Mr. Hill's arguments until he submitted to the Court's jurisdiction. Docs. 13–14. The United States explained in its short, two-and-a-half-page opposition, that it had already briefed the fugitive disentitlement doctrine at length in response to Mr. Hill's Motion to Dismiss, and that under the Court's previous Order the fugitive disentitlement doctrine continued to bar the Court from considering the merits of motions brought by Mr. Hill. Doc. 19 at 1–3. Mr. Hill offered a reply in support of his motion on July 14, 2016, asserting that the fugitive disentitlement doctrine need not apply to the current case, as it is a discretionary doctrine. Doc. 20 at 1–2.

<h3 align="center">ANALYSIS</h3>

Under the fugitive disentitlement doctrine, a "party should not be permitted to litigate in a forum while beyond the reach of the Court's judgments." Doc. 10 at 2. As the Tenth Circuit has explained, "[w]ithout the fugitive present to accept the decision of this court, there is no guarantee that our judgment could be executed. In other words, enforcement is likely to occur only if we should decide in favor of the fugitive." *Martin v. Mukasey*, 517 F.3d 1201, 1204 (10th Cir. 2008) (specifically discussing the application of the fugitive disentitlement doctrine in the context of an immigration appeal). The doctrine draws heavily on the principle of mutuality. *See United States v. Kashamu*, 656 F. Supp. 2d 863, 866 (N.D. Ill. 2009). The Tenth Circuit went on, "[s]imply put,

'a fugitive from justice should not be able to use the judicial system while at the same time avoiding it.'" *Mukasey*, 517 F.3d at 1205 (citing *United States v. Timbers Preserve, Routt Co., Colo.*, 999 F.2d 452, 453 (10th Cir. 1993)).

Applying this precedent, in its previous Memorandum Opinion and Order, the Court refused to reach the merits on Mr. Hill's Motion to Dismiss. Doc. 10. Specifically, the Court held that it "categorically refuses" to be placed in a situation by a litigant where its judgment on an order by that litigant cannot be enforced. *Id*. at 2. This Court further held that "the fugitive disentitlement doctrine finds ready application in the instant case." *Id*. at 2–3 (citing *United States v. Bokhari*, 993 F. Supp. 2d 936, 938 (E.D. Wis. 2014) ("Courts have applied the doctrine, as here, to pretrial motions in criminal cases.")). This Court also held that Mr. Hill is a fugitive. *Id*. at 3. Finally, this Court held that the fugitive disentitlement doctrine applies to Mr. Hill because Mr. Hill "would ignore any contrary ruling on his Motion and thus retains a *de facto* veto on this Court's judgment." *Id.* In connection with his motion to bar extradition, Mr. Hill again improperly seeks to "use the judicial system while at the same time avoiding it." *Mukasey*, 517 F.3d at 1205. In support of his instant motion, Mr. Hill has provided no basis for the Court to deviate from its prior ruling. Accordingly, consistent with its prior ruling, the Court again finds that, under the fugitive disentitlement doctrine, Mr. Hill is precluded from wasting scarce judicial resources fighting motions that have no chance of being enforced. Doc. 10 at 3. For this reason, the Court declines to reach the merits of Mr. Hill's instant motion.

## CONCLUSION

As this Court previously held in this case, it "will not render judgments that litigants may ignore with impunity." Doc. 10 at 3. Consistent with its previous holding that "the fugitive

disentitlement doctrine obtains in the instant case," the Court declines to reach the merits of Mr.

Hill's instant Motion. *Id.*

      **IT IS THEREFORE ORDERED** that Charlie Hill's Motion to Bar Extradition under the

Political Offenses Exception [Docs. 13, 14] is **DENIED**.


Dated this 8th day of November, 2018.

_____

**MARTHA VÁZQUEZ**

UNITED STATES DISTRICT JUDGE